UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | |
| § | CIVIL ACTION NO. 6:13-22 |
| v. § | CRIMINAL NO. 6:10-118-3 |
| § | |
| BEATRICE RODRIGUEZ, § § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Beatrice Rodriguez' ("Rodriguez") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 327), to which the United States of America ("the Government") has responded (Dkt. No. 342).

**I. BACKGROUND**

On December 16, 2010, a four-count superseding indictment was filed, alleging that Rodriguez and eight other individuals conspired to transport unlawful aliens within the United States by means of a motor vehicle, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(I) (Count One); conspired to engage in money laundering in violation of 18 U.S.C. § 1957 (Count Two); structured transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3)(d) and 18 U.S.C. §2 (Count Three); and structured transactions in violation of 31 U.S.C. §§ 5324(a)(3),(d) and 18 U.S.C. § 2 (Count Four). (Dkt. No. 56.)

On June 24, 2011, Rodriguez pled guilty to Count One pursuant to a written plea agreement with the Government, whereby she waived her right to appeal or collaterally attack

her conviction or sentence by any post conviction proceeding, including under 28 U.S. C. § 2255. (Dkt. No. 176.) She was re-arraigned the same day. Minute Entry, June 24, 2011.

At rearraignment, the Court confirmed that Rodriguez had been given a copy of the indictment and that counsel explained it. (Rearraignment Tr., Dkt. No. 341 at 6:10–18.) Rodriguez testified that she understood the charges against her and that she was satisfied with counsel's services up to that point. (*Id.* at 6:19–24.) Rodriguez further testified that she read the terms of the plea agreement, discussed it with counsel, and understood it. (*Id.* at 8:1–8.)

The Court then reviewed Rodriguez' waiver of appeal and the waiver of her right to file a motion pursuant to 28 U.S.C. § 2255, and Rodriguez acknowledged that she was aware of the waivers, had discussed them with her attorney, and did not have any questions about the waivers:

> THE COURT: I note here on page 3, in paragraph 7 in your agreement, there is a provision for waiver of certain rights to appeal. Were you aware that that waiver was in your agreement before you signed it?
> DEFENDANT RODRIGUEZ: Yes.
> THE COURT: Did you discuss the waiver with your lawyer?
> DEFENDANT RODRIGUEZ: Yes.
> THE COURT: Are you aware that you not only waived your right to directly appeal your conviction and sentence, but also to collaterally attack it under 28 United States Code, Section 2255?
> DEFENDANT RODRIGUEZ: Yes.
> THE COURT: Do you feel like you understand the waiver and its effect on your rights in this case?
> DEFENDANT RODRIGUEZ: Yes.

(Dkt. No. 341 at 8:9–24.)

The Court then advised Rodriguez of the maximum punishment for her offense, and Rodriguez testified that she understood:

> THE COURT: You are subjecting yourself to a penalty range of incarceration by entering this plea. For this offense, conspiring to transport illegal aliens, it carries up to 10 years in prison. That's the statutory range. There is a provision for a fine up to $250,000, up to three years of supervised release, and a $100 special assessment. Do you understand that that is the penalty range for your offense?

>   DEFENDANT RODRIGUEZ: Yes.
>   THE COURT: You're hesitating. Is that—were you surprised by what I just said?
>   DEFENDANT RODRIGUEZ: No, sir.
>   THE COURT: Okay, all right. Doesn't necessarily mean you're going to get 10 years, but that's the maximum provided by law.
>   DEFENDANT RODRIGUEZ: Yes.

(*Id.* at 9:3–19.)

The Government recited the facts underlying the offense, specifically that on at least on 10 occasions, payments for aliens being unlawfully transported into the United States were wired to Rodriguez, and Rodriguez picked up the money at various Western Unions in Corpus Christi and then turned the money over to a co-conspirator. (*Id.* at 16:20–17:14.) Rodriguez admitted the facts were correct and pled guilty. (*Id.* at 18:6–10.) The Court found that Rodriguez was competent to enter the plea and was aware of the charges against her and of the consequences of entering a plea to those charges. (*Id.* at 18:14–17.) The Court further found that Rodriguez' plea of guilty was a knowing and voluntary plea supported by an independent basis in fact and containing all the essential elements of the offense, and adjudicated Rodriguez guilty of Count One. (*Id.* at 18:18–22.)

At the Court's direction, the Probation Office prepared a Presentence Investigation Report (PSI), which recommended a base offense level of 12, increased by 9 levels because the offense involved smuggling, transporting, or harboring of 100 or more aliens, and increased by an additional 2 levels because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, for a base offense level of 23. (Dkt. No. 205 ¶ 53.) After a reduction of 3 levels for acceptance of responsibility, the total offense level was 20. (*Id.* ¶¶ 59–62.) Rodriguez had no criminal history points, establishing a criminal history category of I and a guideline range of 33 to 41 months. (*Id.* ¶ 80.) Rodriguez

lodged a number of objections to the PSI, all of which were overruled. On March 12, 2012, the Court sentenced Rodriguez to 33 months in prison, the lowest end of the guideline range. (Sentencing Tr., Dkt. No. 337 at 24:6.) At that time, Rodriguez again confirmed that she had waived "certain rights to appeal." (*Id*. at 25:18–22.)

Rodriguez filed a Notice of Appeal on June 14, 2012 (Dkt. No. 312), and on October 3, 2012, the Court of Appeals for the Fifth Circuit dismissed the appeal as untimely (Dkt. No. 325). Rodriguez timely filed the presently-pending § 2255 motion on March 15, 2013.

## II. MOVANT'S ALLEGATIONS

Rodriguez raises three claims in her § 2255 motion:

1. In November 2010, one of Rodriguez' co-conspirators made a statement to Rodriguez' attorney asking "why was I incarcerated with her when I had nothing to do with her." Rodriguez told her attorney to call the co-conspirator's attorney and get the statement in writing, but he never did;

2. Rodriguez was told by her attorney that counsel for the Government stated that if Rodriguez pled guilty to conspiracy, she would receive only probation. Rodriguez told her attorney that she wanted him to put this statement in writing, but he never did; and

3. Rodriguez never made or signed any statement at the time of her arrest.

## III. LEGAL STANDARD

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28

U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

## IV. ANALYSIS

Rodriguez appears to suggest that her claim that her attorney somehow induced her to plead guilty by assuring her that she would receive only probation prevents enforcement of the waivers in her plea agreement; however, her claims of ineffective assistance do not automatically relieve her of her waivers. *See United States v. White*, 307 F.3d 336, 343–44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In *White*, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." *Id.* at 343 (internal citations omitted).

Rodriguez testified that she understood that she could receive up to a 10-year sentence, that she had discussed the appellate waivers with counsel, and that she understood both her waivers and her potential sentence and had no questions about either for the Court. *See* Part I, *supra*. A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Rodriguez' sworn statements preclude the relief she seeks here. She was not

coerced, and she understood the charges against her, the trial rights she was giving up, the possible maximum sentence she faced, and the waiver of her appellate and post-conviction rights. Because her waiver was knowing and voluntary, Rodriguez gave up the rights she now seeks to assert. The Court does not reach the merits of Rodriguez' claims because they fall within the scope of her waiver. *See United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on

procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Rodriguez is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

**VI. CONCLUSION**

For the foregoing reasons, Rodriguez' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 327) is **DENIED**. She is also **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 26th day of June, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE